CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 05, 2025
LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GUY CHRISTOPHER WILDE, *Petitioner,* v. CHADWICK DOTSON, Director of the Virginia Department of Corrections, *Respondent.* | CASE NO. 3:24-CV-00059 OPINION JUDGE NORMAN K. MOON |

Guy Christopher Wilde, by counsel, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions and 18.5-year sentence for involuntary manslaughter, failure to stop at the scene of an accident, and possession of a controlled substance. Dkt. 1 (petition); Dkt. 2 (brief). Respondent Chadwick Dotson, as Director of the Virginia Department of Corrections, moves to dismiss Wilde's petition, arguing that the petition is untimely and that the claims are procedurally defaulted and meritless. Dkt. 8 (motion); Dkt. 10 (brief). For the reasons that follow, Respondent's motion to dismiss is **GRANTED**, and Wilde's petition is **DENIED**.

## I. Legal Standard

Section 2254, codified by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that federal courts may entertain an application for a writ of habeas corpus from an inmate in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Courts may grant Section 2254 relief if the petitioner shows that the state court's decision: (1) "was contrary to" clearly established Supreme Court case law; (2)

"involved an unreasonable application" of the same; or (3) "was based on an unreasonable determination of the facts in light of the" record before it. 28 U.S.C. § 2254(d);

However, Section 2254 petitions require a strong showing by the petitioner. For sake of comity and finality, federal courts must not disturb state-court judgments "absent an error that lies beyond any possibility for fairminded disagreement." *Mahdi v. Stirling*, 20 F.4th 846 (4th Cir. 2021) (quoting *Mays v. Hines*, 592 U.S. 385, 386 (2021)). Section 2254 "is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state courts that conducted the original trial and heard the initial appeals." *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 383 (2000)).

In determining whether a case warrants an evidentiary hearing, a federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Given that the "deferential standards" of Section 2254 control, "[i]t follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 550 U.S. at 474.

## II.  Background

Petitioner Wilde is currently detained pursuant to two final judgments of the Circuit Court for Greene County, Virginia. In matters CR18-73 and CR 18-189, Wilde plead guilty to charges of felony hit and run and involuntary manslaughter. *See* Dkt. 10-1 (Plea Agreement). The trial court accepted the plea agreement and entered its final judgment in those cases on July 1, 2019. *See* Dkt. 10-2 (Sentencing Orders). In matters CR 19-425 and CR 19-426, Wilde plead guilty to two charges of possession of a controlled substance. *See* Dkt. 10-3 (Plea Agreement).

The trial court accepted the plea agreement and entered its final judgment in those cases on December 8, 2020. *See* Dkt. 10-4 (Sentencing Orders). Wilde did not appeal any of the above matters.

On or around June 25, 2021, Wilde, via counsel, filed a petition for a writ of habeas corpus in the Circuit Court for Greene County. In that petition, Wilde raised the following claims for relief:

> (1) Counsel was ineffective for failing "to challenge the Commonwealth's lack of evidence and the plea agreement offered by the Commonwealth" related to felony hit and run and involuntary manslaughter charges.
>
> (2) Counsel was ineffective for improperly advising him to reject a prior plea offer that would have required him to serve no more than 90 days in prison.

*See* Dkt. 10-5 (circuit court order on state habeas petition). By order entered June 19, 2023, the circuit court dismissed Wilde's habeas petition in its entirety. *See* Dkt. 10-5. Wilde appealed that judgment to the Supreme Court of Virginia, and the Supreme Court refused his petition by order entered April 18, 2024. *See* Dkt. 10-6. Wilde, by counsel, then filed the instant petition on August 3, 2024, pursuant to 28 U.S.C § 2254. Dkt. 01.

Wilde's petition advances five claims. He assigns and refers to each claim by a capital letter, which we adopt below.

> A. "Trial counsel was ineffective for failing to file a motion to suppress the evidence seized from Wilde's phone and home."
>
> B. "Trial counsel was ineffective for advising Wilde to plead guilty when there was insufficient evidence to prove the involuntary manslaughter charge or the felony hit and run charge."

3

    C. "Trial counsel was ineffective for failing to present character evidence at Wilde's sentencing hearing."

    D. "The state court erred in entering guilty findings in Wilde's case because there was insufficient evidence to convict him."

    E. "The state court erred in denying Wilde's claim that trial counsel was ineffective for improperly advising him to reject a prior plea offer that would have required him to serve no more than 90 days in prison."

*See* Dkt. 2 at 6-7.

### III. Discussion

Respondent argues that Wilde's petition should not be considered on its merits because the petition is both untimely and procedurally defaulted. Dkt. 10 at 3-6. But as explained in the following, the Court finds that Wilde's petition is untimely <u>only as to two of the four convictions</u>. This mixed result is possible because Wilde's petition challenges convictions from different dates. The latter two of his four convictions, the drug convictions, are timely and will be reviewed on their merits.

Nonetheless, the Court concludes that the timely claims do not present legitimate grounds for relief. Wilde neither adduces clear and convincing evidence to upset the state court's factual record, nor presents legal argument to show that the state court's decision was objectively unreasonable. An evidentiary hearing is not required to reach this determination because "the record refutes [Wilde's] factual allegations or otherwise precludes habeas relief." *Schriro*, 550 U.S. at 474. Indeed, the petition is bereft of any additional record evidence. Accordingly, the Court must deny Wilde's petition, and grants Respondent's motion to dismiss.

### A. Federal Time Bar

AEDPA sets a 1-year statute of limitations for seeking federal habeas corpus relief from a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation is determined according to "the latest of" four different dates, outlined in subsections (A), (B), (C), and (D). *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003).[1] Relevant here is subsection (d)(1)(A), which provides that "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1)(A)). Assuming that a petitioner takes every appeal available to him, the direct review of a state court conviction is complete "when the period for filing a petition for a writ of certiorari in the United States Supreme Court expire[s]." *Id*. "If no petition for a writ of certiorari is filed in the United States Supreme Court, then the [federal habeas] limitation period begins running when the time for doing so—90 days—has elapsed." *Id*.[2]

Here, the Circuit Court entered final judgment against Wilde on July 1, 2019 in matters CR18-73 and CR18-189, and on December 8, 2020 in matters CR 19-425 and CR 19-426. *See* Va. Sup. Ct. R. 1:1(a) ("The date of entry of any final judgment, order, or decree is the date it is signed by the judge either on paper or by electronic means.") Wilde had 30 days after entry of

---

[1] *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").

[2] However, in any case, the "limitations period is tolled while a state prisoner seeks postconviction relief in state court." *Lawrence v. Florida*, 549 U.S. 327, 331 (2007) (quoting § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

each final judgment to appeal the judgments. *See* Va. Code § 8.01-675.3 (stating that "a notice of appeal to the Court of Appeals in any case within the jurisdiction of the court shall be filed within 30 days from the date of any final judgment order, decree, or conviction") He did not appeal or seek any further review, and thus the limitations period commenced 30 days after judgment was entered in each of the respective matters.

Accordingly, for matters CR18-73 and CR18-189 (the hit and run, involuntary manslaughter cases), the one-year period of limitations began on **July 31, 2019**. For matters CR 19-425 and CR 19-426 (the drug cases), the period began on **January 7, 2021**. This set the federal habeas deadlines as follows:

For matters CR18-73 and CR18-189: July 31, 2020.

For matters CR 19-425 and CR 19-426: January 7, 2022

### 1. For Matters CR18-73 and CR18-189, Felony Hit and Run And Involuntary Manslaughter, Habeas Review is Untimely

Regarding the first two matters, the deadline of July 31, 2020 expired without Wilde filing any habeas petition. Thus, the instant petition is **untimely** to the extent that it seeks review of Wilde's convictions for felony hit and run and involuntary manslaughter, *i.e.*, matters CR18-73 and CR18-189.

Of Wilde's five claims, two <u>exclusively</u> relate the felony hit and run and involuntary manslaughter convictions:

    (i)    Claim B — "Trial counsel was ineffective for advising Wilde to plead guilty when there was insufficient evidence to prove the involuntary manslaughter charge or the felony hit and run charge." Dkt. 02 at 11.

(ii) Claim D — "The state court erred by finding there was sufficient evidence to sustain a conviction for the felony hit and run and involuntary manslaughter charges." Dkt. 02 at 16.

Accordingly, the Court dismisses Claims B and D as <u>untimely</u>.

### 2. For Matters CR 19-425 and CR 19-426, Drug Possession, Habeas Review is Timely

Wilde's petition is timely insofar as it seeks review of his drug convictions, by operation of tolling.

As noted above, the provisional filing deadline for habeas review of Wilde's drug convictions was January 7, 2022. However, on or around June 25, 2021, Wilde filed a petition for a writ of habeas corpus in the Circuit Court for Greene County. One claim of the petition sought review of his drug convictions, and thus the petition **tolled** the limitations period for the drug convictions temporarily. (At the time of filing, approximately 161 days had run on the limitations period for the drug matters.) The Circuit Court denied Wilde's petition, and later the Supreme Court of Virginia refused his petition on April 18, 2024. *See* Dkt. 10-6. Wilde then had 90 days to petition for writ of certiorari to the United States Supreme Court, but he elected not to. The limitations period resumed 90 days later, on July 17, 2024.

Wilde filed the instant petition seventeen days later, on August 03, 2024. At that time, 178 out of 365 days had run on the limitations period. Thus, Wilde's petition is timely to the extent it seeks review of his drug convictions.

\*\*\*

Claims B and D are untimely.[3] These claims are barred from federal review. Claims A, C, and E are timely and will be considered insofar as they seek review of Wilde's convictions for drug possession and are not otherwise defaulted.

### B. Wilde's Claim A is Procedurally Defaulted

In Claim A, Wilde argues that his trial counsel was ineffective "for failing to file a motion to suppress the evidence seized from Wilde's phone and home." Dkt. 2 at 10. He alleges that his car "was searched without a warrant" and that police "entered his home" and "seized his phone" without a warrant. Dkt. 2 at 10. He contends that, had his trial counsel filed a motion to suppress the evidence obtained from these searches, "the court would have suppressed the evidence" and he "would have proceeded to trial and obtained a more favorable outcome." *Id*.

However, this claim is bare-bones and bereft of any support in the record. Indeed, the Commonwealth's proffer of evidence in relation to the drug convictions indicates that Wilde conceded to drug possession before any search of his car was conducted,[4] and that his home and phone were not searched or seized at all in relation to the drug conviction. Dkt. 10-8 at 10. What's more, Wilde has not raised this claim in state court and therefore has failed to exhaust his remedies before seeking habeas corpus relief in federal court. 28 U.S.C. § 2254(b).

Exhaustion doctrine gives "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied by a finding that the "essential legal theories and factual allegations advanced in federal court [are] the same as those

---

[3] Wilde argues that The Supreme Court's decision in *Martinez v. Ryan* saves his untimely claims. 566 U.S. 1 (2012). *Martinez*, however, applies to procedural defaults, not timeliness. "The decision in *Martinez* fails to provide any basis for avoiding the statute of limitations set forth in 28 U.S.C. § 2244(d)." *Ward v. Clarke*, 2023 WL 4137475, at *4, n.4 (E.D. Va. June 22, 2023).

[4] Dkt. 10-8 at 10 ("When [the officers] were speaking with Mr. Wilde, he indicated that there was marijuana located on the passenger side floorboard of the vehicle.").

advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citations omitted)). Here, this means that Wilde must have presented to the Supreme Court of Virginia—either on direct appeal or in a state habeas corpus petition—the same arguments and factual support he now raises in his § 2254 application. *See, e.g., Duncan v. Henry*, 513 U.S. 364 (1995). But his state habeas petition did not raise any argument about a failure to suppress. In his petition, Wilde raised the following two claims for relief:

1. Counsel was ineffective for failing "to challenge the Commonwealth's lack of evidence and the plea agreement offered by the Commonwealth" related to felony hit and run and involuntary manslaughter charges.

2. Counsel was ineffective for improperly advising him to reject a prior plea offer that would have required him to serve no more than 90 days in prison.

Dkt. 10-5 at 2. Because these claims do not convey the same "essential legal theories and factual allegations" that Wilde advances now, Wilde fails the exhaustion requirement.

Still, a claim that has not been presented to the highest state court may be treated as properly "exhausted" in certain circumstances. *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). First, it must be "clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Id*. Second, the petitioner must overcome the state default by establishing cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

justice."); *Moore v. Stirling*, 952 F.3d 174, 181–82 (4th Cir. 2020) ("If a prisoner can show 'cause' for a failure to exhaust and 'prejudice' from the alleged violation of federal law, we may excuse the procedural default.").

Here, if Wilde returned to state court to raise Claim A, he would be procedurally barred by various statutes of limitations and procedural rules. *See* Va. Sup. Ct. Rule 5:9 (stating time limits for direct appeal); *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) (claims not raised on direct appeal cannot be raised in habeas corpus); Va. Code § 8.01-654(A)(2) (fixing the applicable statute of limitations); Va. Code § 8.01-654(B)(2) (prohibiting successive petitions); Va. Sup. Ct. Rule 5:25 (claims not raised at trial are barred on appeal).

Thus, to prevail, Wilde must establish cause and prejudice or a fundamental miscarriage of justice, but this Wilde does not do. As noted above, the entirety of Wilde's allegation is that his car was searched without a warrant and that police entered his home and seized his phone without a warrant. Dkt. 2 at 10. But he does not explain how these alleged searches affected his drug convictions. He does not explain what evidence the purported search of his home or phone produced, let alone how this evidence led to his convictions when the Commonwealth's proffer of evidence had nothing to do with his home or phone. Nor does he explain how his trial counsel had any grounds for a motion to suppress the search of his car when Wilde in fact told the police officers that he possessed drugs in his car. Dkt. 10-8 at 10 ("When [the officers] were speaking with Mr. Wilde, he indicated that there was marijuana located on the passenger side floorboard of the vehicle."). On such a minimal showing, Wilde does not demonstrate that any fundamental miscarriage of justice occurred. Nor does he explain why he failed to present these claims in his state proceeding, such that he does not establish cause and prejudice.

Wilde argues that the narrow exception in *Martinez v. Ryan* applies to overcome the

default. Dkt. 2 at 11 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)). To establish "cause" to overcome procedural default under *Martinez*, a prisoner must show: (1) the underlying ineffective-assistance-of-trial-counsel claim is "substantial"; (2) the prisoner was not represented or had ineffective counsel during the state PCR proceeding; (3) the state PCR proceeding was the initial review proceeding; and (4) state law required the prisoner to bring the claim in the initial-review collateral proceeding. *Moore*, 952 F.3d at 185. However, Wilde does not satisfy these requirements for several reasons. First, his claim that his trial counsel was ineffective is belied by his sworn statements during the plea process in which he stated under oath that he was satisfied with his representation. *See* Dkt. 10-8 at 4 (plea colloquy). Second, Wilde does not establish that state law required him to bring this claim in the state habeas proceeding, as opposed to in a direct appeal. Third, Wilde references evidence obtained from his home and phone, but the Commonwealth's proffer of evidence related to the drug convictions—which he endorsed at the plea colloquy—states that all the evidence for his drug convictions came from his car. Wilde's Claim A therefore purports to suppress evidence that was not even relevant to his convictions.

All of these factors call into question whether Wilde is even contesting his drug convictions at all, as opposed to his hit and run and involuntary manslaughter convictions; and these factors together show that Wilde's claim is far from "substantial." Therefore, Wilde does not qualify for an excuse under *Martinez*, and his Claim A is procedurally defaulted and not reviewable by this Court.

### C. Wilde's Claim C and Claim E Are Meritless

Wilde's remaining claims, Claim C and Claim E, are both timely and procedurally compliant since they were presented to the state court in his prior habeas proceeding; but we find that both Claims C and E are meritless.

Under Section 2254(d), a habeas petitioner is entitled to relief only if the state court adjudication of their claim was (1) contrary to, or involved an unreasonable application of, clearly established Federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. *Allen v. Stephan*, 42 F.4th 223, 246 (4th Cir. 2022) (citing 28 U.S.C. § 2254(d)). This standard is meant to be "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review to factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge." *Davis v. Ayala*, 576 U.S. 257, 276 (2015). The ruling must be objectively unreasonable, not merely wrong; even clear error will not suffice. *Allen*, 42 F.4th at 246. A state court's factual determinations are presumed correct, and the petitioner must rebut this presumption by clear and convincing evidence. *Allen*, 42 F.4th at 246 (citing 28 U.S.C. § 2254(e)(1)).

   1. **Wilde's Claim C**

In Claim C, Wilde argues that his "[t]rial counsel was ineffective for failing to present character evidence at [his] sentencing hearing." Dkt. 2 at 12-13. He contends that the lack of character evidence "prejudiced [him] because the judge would likely have sentenced [him] to less time had the judge heard favorable evidence about [him]." *Id*. at 13. Wilde avers that his petition includes an "affidavit [of] witnesses who were ready and willing to testify on [his] behalf," but no such exhibit was attached. *Id*. at 13.

In any case, Wilde's claim was reviewed and rejected by the state court, and Wilde does not establish that the court's ruling was objectively unreasonable. *Allen*, 42 F.4th at 246. As the opinion of the court demonstrates, excerpted below, the court adequately and reasonably evaluated Wilde's claim and rejected it for plain lack of merit.

> Wilde [] alleges in Claim 2 that, "at the sentencing hearing for these convictions, [trial counsel, Ms. Emily Wilson] presented no evidence or testimony and made no sufficient argument on Wilde's behalf." The Court finds that this claim is conclusory, as Wilde has failed to present a proffer of what evidence Wilson failed to produce at that hearing, or explain how her failure to present additional evidence would have created a reasonable probability of a different outcome at that hearing. *See Beaver*, 93 F.3d at 1195 ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."). Furthermore, Wilson credibly sets forth in her sworn affidavit what steps she took to prepare for the sentencing hearing. First, Wilson asserts that Wilde "acknowledged there was no one from his past who would make a good witness for him at sentencing." She further asserts that the defense was "able to obtain some favorable letters confirming Wilde's participation in programs at the jail" and that those letters "were presented to the court at sentencing." Wilson also acknowledged that the presentence investigation report included statements from Wilde in which he failed to admit that the drugs belonged to him, despite his related admission that he was addicted to alcohol and drugs. Despite these obstacles, Wilson asserts that she "made an impassioned argument on [Wilde's] behalf, highlighting his serious and significant medical concerns, as well his substance abuse history and recovery." The Court finds from this record that Wilson diligently represented Wilde at sentencing, and that Wilde has not stated what additional actions counsel should have taken in his defense.

Dkt. 10-5 at 8-9.

In making this determination, the state court squarely addressed the substance of Wilde's instant claim—that his trial counsel allegedly failed to present favorable character evidence. The state court observed that Wilde himself had "acknowledged [that] there was no one from his past who would make a good witness for him at sentencing." Although Wilde now alleges that there *were* witnesses "who were ready and willing to testify on [his] behalf," Dkt. 2 at 13, his petition does not further support this conclusory assertion. It does not identify any of the purported witnesses; does not identify the character evidence which they would adduce; and does not

13

Case 3:24-cv-00059-NKM-JCH   Document 13   Filed 09/05/25   Page 14 of 16
                          Pageid#: 165

explain how this character evidence would have changed his outcome at sentencing, such that his counsel was ineffective.

In this light, the state court's decision was not objectively unreasonable, and Wilde's Claim C must be dismissed.

### 2. Wilde's Claim E

In Claim E, Wilde argues that the state court "erred in denying Wilde's claim that trial counsel was ineffective for improperly advising him to reject a prior plea offer that would have required him to serve no more than 90 days in prison." Dkt. 2 at 20. He contends that "trial counsel's advice to reject the plea offer" caused him to "end[] up with significantly more time than he would have received with the plea offer." *Id.* at 21. However, the state court thoroughly evaluated and rejected this claim, as excerpted below; and Wilde does not establish that the court's ruling was objectively unreasonable. *Allen*, 42 F.4th at 246.

> [T]he Court finds that Wilde's allegation that Wilson advised him not to accept a prior plea offer on his drug charges is belied by the record, including the affidavit of his trial counsel. Specifically, Wilson avers in her affidavit that she "was never told about any offer [on those charges] that included a sentence between 30 and 90 days," noting that she had no knowledge of any offers that may have come in while Wilde was represented on those charges by a Mr. Jake Joyce." When Wilson's affidavit is viewed in conjunction with Wilde's assertions under oath that he was satisfied with Wilson's representation of him at the time he eventually accepted the plea agreement for his drug charges, the Court notes that Wilde did not voice any dissatisfaction that the terms of this allegedly more favorable agreement were no longer available to him. And finally, given that Wilson has denied that she ever received or had knowledge of the offer described by Wilde, the Court finds that Wilde has not provided any proof, by way of a sworn affidavit from Mr. Joyce, that this more favorable plea offer even existed. Under the totality of those facts, the Court finds that there is no merit to Wilde's allegation in Claim 2 that "Wilson advised [him] to wait until after the pending charges were concluded."

Dkt. 10-5 at 8.

Here, Wilde again fails to provide "any proof . . . that this more favorable plea offer even existed." His claim is entirely conclusory and unsupported. Thus, the state court record and decision must be preserved, and Wilde's Claim E must be dismissed.

## IV.  Conclusion

For the reasons explained above, Wilde's Section 2254 petition, Dkt. 1, is **DENIED**. Respondent's motion to dismiss, Dkt. 8, is **GRANTED**.

## V.  Certificate of Appealability

The Court declines to issue a certificate of appealability.

When rendering a final order adverse to a Section 2254 petitioner, a district court must issue or deny a certificate of appealability under Fed. R. Gov. § 2254 Proc. 11(a). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "This requires a petitioner to show 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Cox v. Weber*, 102 F.4th 663, 671 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1131 (2025) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotes omitted). When a district court dismisses a Section 2254 motion on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both that (1) jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, the Court declines to issue a certificate of appealability because Wilde has not

satisfied this standard. Reasonable jurists would not debate that Wilde's motion does not state a valid claim of the denial of a constitutional right.

\* \* \*

The Clerk of Court shall send a copy of this Memorandum Opinion to all counsel of record.

Entered this 5th day of September, 2025.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE